UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE FEALY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ISP2 OAKLAND, INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02252-RS<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

## I. Introduction

Plaintiff Josephine Fealy is a former employee of ISP2 Oakland, Inc. ("ISP2"). She brings suit against the ISP2's Group Health Care Plan ("ISP2 Health Plan"), Doe 1 in its capacity as Plan Fiduciary, and WageWorks, Inc. ("WageWorks") as co-fiduciary, for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants ISP2 Group Health Care Plan and WageWorks each bring a motion to dismiss. As to her claims against both defendants, Plaintiff offers "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice" at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The motions to dismiss are therefore granted. These motions are suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for August 4, 2022 is vacated.

## II. Background[1]

In October 2018, Fealy left her employment with ISP2 and elected to continue her employer-sponsored healthcare coverage through COBRA, with coverage from Kaiser. She submitted payments for November and December 2018 premiums through WageWorks. In November 2018, Fealy was informed by WageWorks and Kaiser that her health insurance was not shown as active in the system. After conversing with a human resources representative from ISP2 over the course of multiple months, Fealy learned in January 2019 that ISP2 had changed its health care coverage to Anthem.

While Kaiser covered Fealy's November 2018 medical expenses, Kaiser did not cover her December 2018 expenses, because ISP2 had switched its coverage to Anthem by that time. During December 2018, when she believed she was covered by Kaiser, Fealy underwent multiple medical procedures at Kaiser. On April 20, 2019, Fealy's December COBRA payment was returned to her. Her December 2018 medical expenses are unpaid and in collection, and amount to $43,276.90.

Plaintiff filed this lawsuit in April 2022. She avers two claims for relief: (1) recovery of Plan benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) against ISP2 Health Plan, and (2) breach of fiduciary duty and declaratory relief pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), 28 U.S.C. §2201, against the "Plan Fiduciaries." ISP2 Health Plan and WageWorks each bring a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. Legal Standard

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of

---

[1] Unless otherwise noted, the facts recited are drawn from the Complaint. The facts pled in the Complaint are taken as true when reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### IV. ISP2 Health Plan's Motion to Dismiss

ISP2 Health Plan's motion is based solely on the argument that Plaintiff failed to exhaust the Plan's administrative remedies and that Plaintiff failed to plead an exception to the exhaustion requirement. "As a general rule, an ERISA claimant must exhaust available administrative remedies before bringing a claim in federal court." *Barboza v. Cal. Ass'n of Prof'l Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011). "However, when an employee benefits plan fails to establish or follow 'reasonable claims procedures' consistent with the requirements of ERISA, a claimant need not exhaust because his claims will be deemed exhausted." *Id.* (quoting 29 C.F.R. § 2560.503–1(l). As ISP2 points out, "there is no mention whatsoever in the Complaint of the administrative procedures required under the Plan or steps taken by Plaintiff to satisfy those procedural requirements." ISP2 Motion to Dismiss, p.2. Instead, the Complaint merely alleges that "Fealy is informed, believes, and thereon alleges that she has exhausted her administrative remedies with The Plan." Complaint, ¶ 14.

Plaintiff argues that she does not need to plead exhaustion, because "[e]xhaustion of internal dispute procedures is not required where the issue is whether a violation of the terms or provisions of the statute has occurred." *Fujikawa v. Gushiken*, 823 F.2d 1341, 1345 (9th Cir. 1987). Plaintiff's theory of violation of the statute, however, is that ISP2 Health Plan "violated ERISA when it failed to notify Ms. Fealy it was terminating its group coverage through Kaiser and offering her coverage through its new group healthcare provider." Opposition to ISP2 Health Plan Motion to Dismiss, p.5. Plaintiff elaborates that "[t]herefore, the issue before this Court is whether

or not ISP2 violated the terms of ERISA when it breached its fiduciary duty to Ms. Fealy by failing to provide her with notice of the change in coverage and offering Ms. Fealy the same coverage as non-COBRA plan beneficiaries under its new plan through Anthem."

It is unclear how this fits in with Plaintiff's theory of liability as pled in Count One. Plaintiff only includes ISP2 Health Plan in Count One, for recovery of Plan benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Count Two, for breach of fiduciary duty and declaratory relief pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), 28 U.S.C. §2201, is against the "Plan Fiduciaries." The Complaint avers that WageWorks and Doe #1 are fiduciaries but never avers that the ISP2 Health Plan is a fiduciary.[2] As for Count One, nothing in the Count indicates that Plaintiff is pursuing her failure to notify theory. Instead, she avers "the Plan's Administrators' denial of her claim for benefits under the Plan was arbitrary and capricious in that the decision was not supported by substantial evidence." Complaint, ¶ 18.

The confusing averments mean the Complaint must be dismissed as to ISP2 Health Plan. If Plaintiff is indeed pursuing a theory of liability that would not require her to establish exhaustion, then she must plead such a theory against ISP2 Health Plan. If she is not pursuing such a theory, she must do more than offer the conclusory allegations about exhaustion that are currently present in the Complaint. *Iqbal*, 556 U.S. at 678 (explaining that "mere conclusory statements" are insufficient at the pleading stage).

### V. WageWorks' Motion to Dismiss

WageWorks is only named in Count Two, breach of fiduciary duty, and argues that it should be dismissed because it is not a fiduciary. "ERISA permits suits for breach of fiduciary duty only against ERISA-defined fiduciaries." *Elliott v. Mitsubishi Cement Corp.*, No. CV 07-03509-AG AJWX, 2008 WL 4286985, at *5 (C.D. Cal. Sept. 15, 2008). The Supreme Court has defined an ERISA fiduciary as "the persons named as fiduciaries by a benefit plan" and "anyone

---

[2] In its reply, the Plan argues that the ISP2 Health Plan is not a fiduciary under ERISA, and notes that ISP2 Health Plan is a separate legal entity from ISP2. As the question of whether or not ISP2 Health Plan is a fiduciary is not properly before the Court in this motion because ISP2 Health Plan is not included in Count Two for breach of fiduciary duty, and because this argument was raised in a reply brief, it is not addressed.

else who exercises discretionary control or authority over the plan's management, administration, or assets[.]" *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993). "[T]hird party administrators … are not fiduciaries under ERISA when they merely perform ministerial duties or process claims." *Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*, 990 F.2d 513, 516 (9th Cir. 1993).

The Complaint fails to allege that WageWorks does anything more than "perform ministerial duties or process claims[,]" *id.*, and therefore Plaintiff has not adequately pled a claim for breach of fiduciary duty under ERISA. The Complaint avers that WageWorks "has been a fiduciary of the Plan as a named Third-Party Administrator and charged with coordinating healthcare and medical claims and management plan participants' eligibility for COBRA benefits within the meaning of 29 U.S.C. §1002(13)(A), (16)(A)." Complaint, ¶ 7. It further states that "discretionary authority was conferred upon [WageWorks] by the Plan" or that WageWorks "was charged with discretionary authority or discretionary responsibility in the administration[.]" *Id.* The Complaint, however, evinces no facts to support this assertion. The Complaint avers that WageWorks informed Plaintiff that her health insurance was not active in the system, and that WageWorks had some role in administering her COBRA coverage. *Id.* at 8-9. These are not facts that show discretionary authority by WageWorks, and instead look like "ministerial duties" or part of its role "process[ing] claims." *See Kyle Railways*, 990 F.2d at 516. Thus, Plaintiff only offers "mere conclusory statements" about discretionary authority, and no facts to support those statements. *Iqbal*, 556 U.S. at 678. Plaintiff therefore fails to aver that WageWorks was "named as [a] fiduciar[y] by a benefit plan" or "exercise[d] discretionary control or authority over the plan's management, administration, or assets[.]" *Mertens*, 508 U.S. at 251. The motion to dismiss is granted.[3]

## VI. Conclusion

The motions to dismiss against both ISP2 Health Plan and WageWorks are granted.

---

[3] WageWorks also argues that Plaintiff may not recover under ERISA § 502(A)(3), 29 U.S.C. § 1132(a)(3), which provides equitable relief, because "equitable relief under § 1132(a)(3) is not available if § 1132(a)(1)(B) provides an adequate remedy." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 959 (9th Cir. 2016). As explained above, Plaintiff has not adequately stated a claim for violation of § 1132(a)(1)(B) in Count One, and thus this argument is not addressed.

Although it is unclear if the deficiencies in the pleading may be cured, the dismissal is with leave to amend. Should Plaintiff choose to amend her complaint, the amended complaint must be filed within three weeks of the date of this Order.

**IT IS SO ORDERED**.

Dated: July 28, 2022



RICHARD SEEBORG
Chief United States District Judge